UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL BLUNT,

                    Plaintiff,
      -against-

CITY OF NEW YORK, et al.,

                  Defendants.

1:14-CV-3949 (LAP)

ORDER

LORETTA A. PRESKA, United States District Judge:

      By order and judgment dated February 2, 2015, the Court dismissed this *pro se* action. Plaintiff appealed. On March 11, 2016, the United States Court of Appeals for the Second Circuit affirmed the dismissal. *Blunt v. City of New York*, 641 F. App'x 98 (2d Cir. 2016) (summary order). By order dated December 21, 2018, the Court construed submissions that Plaintiff filed after that affirmance as one motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure, it denied that motion, and it directed the Clerk of Court not to accept for filing any future documents from Plaintiff in this action, except for those that are directed to the Second Circuit. (ECF 17.)

      On November 12, 2019, Plaintiff filed a notice of appeal in which he declares his intent to appeal the Court's order dated August 8, 2014, "as amended" by its order dated December 21, 2018 (ECF 19, at 1), and a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 18). The Court construes Plaintiff's notice of appeal as declaring his intent to appeal the Court's December 21, 2018 order. For the reasons discussed below, however, the notice of appeal is untimely, and the Court denies Plaintiff's motion for an extension of time to file a notice of appeal.

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(5) of those rules, a party may file a motion for an extension of time to file a notice of appeal, but must do so within the time to file a notice of appeal or within 30 days after the period to file a notice of appeal has expired. *See* Fed. R. App. P. 4(a)(5)(A)(i). The time period to file such a motion has a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). The moving party must also show "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

The Court's December 21, 2018 order was entered on the docket on December 26, 2018, five days after it issued. Thus, Plaintiff had until January 25, 2019, to file a timely notice of appeal with respect to the December 21, 2018 order, and until February 25, 2019, to file a timely motion for an extension of time under Rule 4(a)(5).[1] But he did not file his notice of appeal and motion until November 12, 2019.[2] His notice of appeal and motion are therefore untimely. Accordingly, the Court denies the motion. *See Goode*, 252 F.3d at 245 ("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been entertained . . . .").

---

[1] Because the last day of the period to file a motion for an extension of time actually fell on Sunday, February 24, 2019, the period was extended to the next court business day, Monday, February 25, 2019. *See* Fed. R. App. P. 26(a)(1)(C).

[2] Plaintiff initiated this action while he was incarcerated. But it appears that he was not incarcerated when he filed his notice of appeal and his motion for an extension of time because those submissions were both signed by Plaintiff on November 12, 2019, the same date they were filed. (ECF 18 & 19.) Plaintiff also lists a residential address in both of those submissions. (*Id.*)

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. (ECF 18.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 29, 2020
         New York, New York

_____
LORETTA A. PRESKA
United States District Judge